The Honorable Dustin McDaniel State Representative 400 South Main Street Jonesboro, AR 72401-2963
Dear Representative McDaniel:
I am writing in response to your request for an opinion on the following:
 It has come to my attention that there are some questions about when real estate is transferred, and if the county tax collector may accept payment of the current real estate taxes without payment of the current personal property taxes. Must the county tax collectors collect current, as opposed to delinquent, personal property taxes at the same time as the real estate are collected, or may the real estate taxes be paid at any time as long as the personal property taxes are not delinquent?
 Accordingly, I hereby request an Attorney General's Opinion with regard to Ark. Code Ann. § 26-35-601, in the case of delinquent personal property taxes and delinquent real estate taxes.
RESPONSE
This particular issue has been addressed by one of my predecessors. I concur with that assessment and, in my opinion, the transferor of property is obligated only to pay delinquent personal property taxes, and not the personal property taxes currently due but not delinquent, when paying the general real estate taxes upon conveyance of the title to real property under A.C.A. § 26-35-601 (Supp. 2005).
Arkansas Code Annotated § 26-35-601 provides in pertinent part:
 (a) Each county collector in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the county collector's office at the time the taxpayer pays the general taxes due on real estate.
* * *
 (c) (1) Except as provided in subdivisions (c)(2)-(4) of this section, it is the intention of this section to require the collection of personal property taxes as reflected by the records in the office of the collector and to prevent a taxpayer from paying and the collector from receiving payment of general real estate taxes without payment of personal property taxes if any personal property taxes are shown to be due.
* * *
 (3) Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
 (4) Furthermore, a purchaser in a foreclosure sale shall not be responsible for the payment of the personal property taxes required to be paid by this section.
Id.[1]
As my predecessor stated in Op. Att'y Gen. 2000-118:
 On its face, [A.C.A. § 26-35-601(c)(3)] absolutely requires the collector to accept payment of general real estate taxes so long as delinquent property taxes have been paid. Nothing in the statute authorizes the collector to further demand payment of personal property taxes due but not delinquent. Indeed, in my opinion any such demand would directly contravene the statute, which affords the collector no discretion to refuse payment of general real estate taxes when there is no delinquency of personal property taxes.
Id. at 1-2. See also Op. Att'y Gen. 2002-117 (citing Op. Att'y Gen. 2000-118); 2001-182 (quoting Op. Att'y Gen. 2000-118);and Op. Att'y Gen. 99-304 (opining that a seller's delinquent personal property taxes must be paid when the collector also receives the general real estate taxes at transfer but not the seller's current personal property taxes).
Act 994 of 1999 added subsection (c)(3) to A.C.A. § 26-35-601, which was originally enacted in 1951. See Acts 1951, No. 243. As my predecessor stated in Op. Att'y Gen. 99-304, "Prior to Act 994 of 1999, general real estate taxes could not be paid at the time of closing, i.e., at the time of transfer of ownership, unless the seller's personal property taxes then due and owing . . . were paid." Id. at 2. After the adoption of Act 994 of 1999, however, "[t]he collector is not required . . . to . . . collect the seller's current personal property taxes."Id.
Act 1286 of 2001 amended A.C.A. § 26-35-601 by adding subsection (c)(4). This change does not affect the analysis rendered by my predecessor with which I agree. I reiterate the conclusion quoted above and have enclosed copies of Ops. Att'y Gen. 2002-117, 2000-118, and 99-304 for your convenience.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] The language of A.C.A. § 26-35-601 contained in the 2005 Supplement differs from the previous language. The changes in the language were made by the Arkansas Code Revision Commission pursuant to A.C.A. § 1-2-303(d)(1) (Supp. 2005) clarifying the county collector's title and related stylistic changes.